Maldonado-Luna v. Garland

BIA
Conroy, IJ
A088 442 871

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand twenty-two.

PRESENT:
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

CANDIDO MALDONADO-LUNA,
> *Petitioner*,

v.                                          20-868
                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        Michael Yurasov-Lichtenberg,
                        Havens & Lichtenberg PLLC, New
                        York, NY.

FOR RESPONDENT:         Jeffrey Bossert Clark, Acting
                        Assistant Attorney General; Linda
                        S. Wernery, Assistant Director;

Gregory M. Kelch, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Candido Maldonado-Luna, a native and citizen of Mexico, seeks review of a February 10, 2020 decision of the BIA affirming a March 28, 2018 decision of an Immigration Judge ("IJ"), which denied withholding of removal and relief under the Convention Against Torture ("CAT"). See In re Candido Maldonado-Luna, No. A088 442 871 (B.I.A. Feb. 10, 2020), aff'g No. A088 442 871 (Immig. Ct. N.Y.C. Mar. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review both the IJ's and the BIA's opinions "for the sake of completeness." Wangchuck v. Dep't of Homeland Sec., 448 F.3d 524, 528 (2d Cir. 2006). Because Maldonado-Luna does not challenge the denial of his CAT claim in this Court, we address only withholding of removal. "We review factual findings under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would

2

be compelled to conclude to the contrary.'" Paloka v. Holder, 762 F.3d 191, 195 (2d Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)). We review questions of law — and the application of law to undisputed facts — de novo. Id.

An applicant for withholding of removal must establish past persecution or a likelihood of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." Mei Fun Wong v. Holder, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted). The persecution in question must rise above "mere harassment." Ivanishvili v. U.S. Dep't of Just., 433 F.3d 332, 341 (2d Cir. 2006). For economic deprivation to constitute persecution, "an asylum applicant must offer some proof that he suffered a deliberate imposition of substantial economic disadvantage." Guan Shan Liao v. U.S. Dep't of Just., 293 F.3d 61, 70 (2d Cir. 2002) (quotation marks omitted).

The agency did not err in finding that Maldonado-Luna failed to establish that he suffered past persecution, economic or otherwise. The only harm Maldonado-Luna alleged

3

he personally suffered in Mexico stemmed from verbal insults, but these were "mere harassment" that did not rise to the level of persecution, see Ivanishvili, 433 F.3d at 341; Mei Fun Wong, 633 F.3d at 72. He also testified that, while he was living in the United States, (1) a man who claimed to be a government official swindled his wife out of a substantial sum of money, and (2) his niece was murdered by an abusive ex-boyfriend. But "an asylum applicant cannot claim past persecution based solely on harm that was inflicted on [] family member[s]." Tao Jiang v. Gonzales, 500 F.3d 137, 141 (2d Cir. 2007). A successful asylum applicant must instead "rely upon harm the applicant has suffered individually." Id.

Because Maldonado-Luna failed to demonstrate past persecution, he was not entitled to a statutory presumption of a likelihood of future persecution and thus needed to establish that he would more likely than not face persecution on account of a protected ground were he forced to return to Mexico. See 8 C.F.R. § 1208.16(b)(1)(i), (2). But Maldonado-Luna did not establish that the destruction of his home during a hurricane, the conning of his wife, or the murder of his niece posed a future risk to him personally or occurred on account of his ethnicity. Those incidents

4

therefore did not support a finding of likely persecution on account of a protected ground.[1]  See id.; Jian Xing Huang v. U.S. INS, 421 F.3d 125, 129 (2d Cir. 2005).  In addition, Maldonado-Luna failed to show that it was more likely than not that he would be subject to economic persecution in the future, both because the record showed that he had been able to work in Mexico in the past and because he failed to provide evidence of his family's current economic situation.  See Jian Xing Huang, 421 F.3d at 129; Guan Shan Liao, 293 F.3d at 70.  We therefore conclude that the agency did not err in determining that Maldonado-Luna was ineligible for withholding of removal.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] We decline to consider Maldonado-Luna's argument that he established a pattern or practice of persecution against Mixtecs – the indigenous community in Mexico to which he belonged – because he failed to exhaust the issue before the agency.  See Lin Zhong v. U.S. Dep't of Just., 480 F.3d 104, 119-22 (2d Cir. 2007).

5